FILED
SUPERIOR COURT
OF GUAM

2025 JUL 18 PM 4:09

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GERSHMAN, BRICKNER & BRATTON, INC. AS FEDERAL RECEIVER FOR GUAM SOLID WASTE AUTHORITY,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM WATERWORKS AUTHORITY and DB INSURANCE CO., LTD.,<br><br>Defendants. | CIVIL CASE NO. CV0593-24<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant GWA's Motion to Dismiss* |

This matter came before the Honorable Arthur R. Barcinas on April 18, 2025, for a hearing on Defendant Guam Waterworks Authority's ("GWA") Motion to Dismiss, filed January 30, 2025. Plaintiff Gershman, Brickner & Bratton, Inc. ("GBB"), acting as federal receiver for the Guam Solid Waste Authority ("GSWA"), was represented by Attorney G. Patrick Civille. Defendant GWA was represented by Assistant Attorney Generals John Gilmore and Fred Nishihara. After careful consideration, the Court DENIES the Motion to Dismiss.

## BACKGROUND

In 2008, the District Court of Guam appointed GBB as federal receiver for GSWA under a Consent Decree in *U.S. v. Government of Guam*, Civ. No. 02-00022. The appointment aimed to address longstanding violations of federal environmental law and to ensure closure of the Ordot Dump and compliance with post-closure obligations.

In 2022, while conducting leachate monitoring, GBB detected elevated leachate flows. These were ultimately traced to waterline leaks on Dero Road, confirmed and repaired by GWA in December 2022. GBB later submitted a demand to GWA seeking reimbursement for increased treatment costs resulting from the leaks.

On October 31, 2024, GBB filed suit, alleging negligence and breach of contract against GWA, and asserting a direct action against DB Insurance Co., Ltd. ("DB") under 22 GCA § 18305.

On January 6, 2025, GWA moved to dismiss under Guam Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction due to sovereign immunity and that GBB lacks authority to bring the suit.

## DISCUSSION

### A. Legal Standard

GRCP Rule 12(b)(1) allows dismissal where the Court lacks subject matter jurisdiction. See Guam R. Civ. P. 12(b)(1). The Superior Court's jurisdiction is defined in 7 GCA § 3105:

> The Superior Court shall have original jurisdiction over all causes of action, and, except for those causes exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature.

7 GCA § 3105.

### B. Sovereign Immunity

Sovereign immunity is a jurisdictional doctrine. If it applies, the Court lacks subject matter jurisdiction and the case cannot proceed. See *Bautista v. Agustin*, 2015 Guam 23 ¶ 16. The Government of Guam enjoys broad immunity by default. See *Guam Fed'n of Teachers ex*

*rel Rector v. Perez*, 2005 Guam ¶ 25. That immunity can only be waived by legislation. See *Guam Police Dept. v. Superior Court of Guam*, 2011 Guam 8 ¶ 7.

The Guam Supreme Court has identified two common sources of waiver: (1) the Government Claims Act, and (2) enabling statutes that grant the right to sue and be sued. See *Bautista*, 2015 Guam 23 ¶ 22.

Under the Government Claims Act, immunity is waived for:

1. Expenses incurred in reliance on a contract with the Government of Guam; and

2. Tort claims arising from negligent acts of government employees acting within the scope of their duties, even in activities not typically performed by private parties.

5 GCA § 6105

Additionally, the Legislature may waive immunity by statute. Here, 12 GCA § 14104(e) provides:

> "[GWA] shall have the following [power]: (e) ... to sue and be
> sued in its own corporate name."

This language constitutes a clear waiver. GWA has been granted the power to sue and be sued. Sovereign immunity does not bar this action.

**C. GBB's Authority to File Suit**

GWA also argues that GBB acted beyond its authority; that the GSWA Board did not approve the litigation and that a 2019 federal court order partially terminated GBB's receivership.

GBB has submitted evidence showing that the District Court's 2011 and 2019 orders preserved its authority over post-closure obligations at the Ordot Dump, including leachate

monitoring. The claim in this case arises directly from those responsibilities. See Opp. at 3; Decl. of Joyce C.H. Tang ("Tang Decl."), Ex. E (ECF 239, Appt. Order at 8, § III(C) (March 17, 2008)); Tang Decl., Ex. F at 9 (ECF 798, Order (September 2, 2011)).

Moreover, GBB was authorized to pursue claims necessary to fulfill the Consent Decree. That authority was reaffirmed as recently as December 18, 2024, during settlement discussions with GWA. There is no evidence of a prohibition on filing suit. GBB's retained powers over post-closure activities provide sufficient basis for its authority to bring this action.

Accordingly, the Court finds no jurisdictional defect based on GBB's authority.

## CONCLUSION

GWA's arguments for dismissal based on sovereign immunity and GBB's authority do not hold. The statutory waiver of immunity is clear, and GBB's authority to pursue this claim is well supported.

For the foregoing reasons, GWA's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED** _____JUL 1 8 2025_____ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**